OLIVENCIA, PETITIONER AND APPELLEE, *v.* IRIZARRY, CONTESTANT
AND APPELLANT.

### Appeal from the District Court of Mayagüez in Administration Proceedings.

No. 1825.—Decided July 26, 1918.

ADMINISTRATOR—HEIRS—DIVISION OF PROPERTY—ASSIGNEE.—When a person dies leaving property the heirs, or any one of them, may insist upon a division of estate and an administrator is generally appointed for that purpose. The inherent right of the heirs to ask for the appointment of an administrator extends likewise to an assignee of the heirs, or any one of them.

ID.—ID.—APPOINTMENT—PREFERENCE—DISCRETION OF COURT.—As the assignee, who asked for the appointment of the administrator, was the owner of the largest share in the estate,. the fact that his assignor, the surviving spouse, had preference over the appellant, but that this question of preference was not raised in the lower court, is no reason for disturbing the action of the court in discretionally appointing a stranger as administrator.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Messrs. E. Ramírez Nadal* and *Joaquín Nazario Figueroa* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

When a man dies and leaves an estate the heirs and each of them has a right to insist on a division of such estate and for this purpose a judicial administrator is ordinarily named and properly so. Sections 19 to 23 of the Law of Special Legal Proceedings of 1905. This right which inheres in the heirs to ask for a judicial administrator likewise belongs to an assignee of an heir or heirs. Civil Code, section 1414. The petitioner and appellee was such an assignee.

The court below named as administrator a stranger to the inheritance who was not one of the heirs, and this is the principal ground of error. However, it appears from the record that all the interested parties were cited to a hearing, as called for by the law, and it does not appear that any objection was made to the naming of such an administrator.

The appellee maintains, and so it would appear from the order of appeal, that the ground of objection was the right to

name an administrator at all. There was no request on the part of the appellant, supposing that she had a preference, that she be named. Given the fact that the assignee was a majority owner in the community and was asking for a judicial administration, the fact that his assignor, husband of the decedent, had a preference over the appellant and that no such question of preference was presented to the court below, we find no reason for interfering with the judicial discretion exercised by the court and the judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.